

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00357-CR

_____

TOSHA LADIACAY HARKINS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13689

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

After hearing testimony and considering evidence establishing (1) that a glass pipe with residue tested positive for methamphetamine and Tosha Ladiacay Harkins's DNA, and (2) that the glass pipe was among other drug paraphernalia[1] found in the home where Harkins and her two-month old infant resided, a jury convicted Harkins of the offenses of endangering a child and possession of less than one gram of a controlled substance. Finding the State's enhancement paragraphs true, the jury assessed Harkins's punishment at seven years' confinement for each offense. *See* Tex. Health & Safety Code Ann. §§ 481.102(6) (providing methamphetamine is a Penalty Group 1 controlled substance), .115(a), (b) (providing possession of less than one gram of a Penalty Group 1 controlled substance, including adulterants or dilutants, is a state jail felony); Tex. Penal Code Ann. §§ 12.34(a) (providing range of confinement for third-degree felony is two to ten years), .425(a) (requiring that state jail felony defendant, who has previously been finally convicted of two state jail felony offenses, be sentenced within the range of confinement for a third-degree felony). The trial court sentenced her accordingly.

Harkins's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the

---

[1]The paraphernalia included a straw containing remnants of methamphetamine, a butane lighter, scales, plastic baggies, Q-Tips®, and a marijuana pipe.

record and demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). Appellate counsel notified Harkins of counsel's motion and *Anders* brief and informed her of her right to obtain the record on appeal, to file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review if the judgment is affirmed in this court. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (specifying in part that appointed counsel must notify the client regarding the motion and brief and provide the client a copy of each and setting forth other requirements that counsel must satisfy to assist the client in understanding her pro se rights and effectuating those rights and securing pro se access to the record).

Appellate counsel also provided to Harkins a prepared form to request access to the record, which Harkins signed and filed in this court on January 7, 2019. The clerk of the 355th District Court in Hood County, Texas, has filed with this court a certification of certified mail showing that a copy of the record was mailed to Harkins[2] on January 10, 2019. On January 28, 2019, the package containing the clerk's and reporter's records was returned to the clerk with a handwritten notation, "RTS-offender refused," and a label dated January 24, 2019, stating, "RETURN TO SENDER—REFUSED—UNABLE TO FORWARD—RETURN TO SENDER."

---

[2]The record was mailed to the same address Harkins had provided to this court on January 7, 2019.

On February 13, 2019, we sent notice to Harkins's last known address informing her that her appellate counsel had filed a motion to withdraw and an *Anders* brief in support of the motion, that the trial court clerk had notified this court that the record had been sent to Harkins by certified mail and had been returned to the clerk based on Harkins's refusal to accept it as noted on the package, and that she had the right to file a pro se brief. In that letter, we also asked Harkins to advise the court within fourteen days whether she wished to file a pro se response to her appellate counsel's *Anders* brief. We have not received any response or brief. The State declined to file a brief.

When an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record to see if there is any arguable ground that may be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). When determining whether a ground for appeal exists, we consider the record, the briefs, and any pro se response. *See Schulman*, 252 S.W.3d at 408–09. Only after we conduct our own examination to determine whether counsel has correctly assessed the case may we grant her motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief, we agree with counsel that the appeal is wholly frivolous and without merit, and we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824,

4

826–27 (Tex. Crim. App. 2005). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 26, 2019